Jonathan P. Bach (Samuel E. Bonderoff, Joanna C. Hendon, on the brief), Kronish, Lieb, Weiner & Hellman, New York, NY, for Appellant.

Christopher L. Garcia, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Harry Sandick, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES and Hon. ROBERT A. KATZMANN, Circuit Judges.

UNITED STATES of America,
Appellee,

v.

Tyrone RILEY, Defendant–Appellant.

No. 05–5777–cr.

United States Court of Appeals,
Second Circuit.

Oct. 1, 2007.

## SUMMARY ORDER

Defendant-appellant Tyrone Riley appeals from a judgment of conviction and sentence in the District Court, following his guilty plea to mail fraud in violation of 18 U.S.C. §§ 1341, 2. On July 19, 2005 defendant-appellant was sentenced to a term of fifteen months' imprisonment, a three-year term of supervised release, and a special assessment. The District Court subsequently ordered restitution in the amount of $28,150. Riley has completed his sentence of imprisonment and is now serving his three-year term of supervised release. On appeal, Riley argues that the District Court committed procedural error by sentencing defendant on the basis of the intended loss attributable to the offense rather than the actual loss. He simi-

larly contends that the District Court's failure to grant a downward departure from the Guidelines on the basis of the difference between the actual and intended loss was unreasonable. We assume the parties' familiarity with the facts and procedural history of the case.

On appeal, Riley challenges only the length of the sentence imposed and the procedure employed in sentencing but not the legality of his conviction. While his completion of the term of imprisonment raises mootness questions, his challenge to the length of the sentence is not moot. *Levine v. Apker*, 455 F.3d 71, 77 (2d Cir. 2006) (noting that an appeal was not mooted by a petitioner's release from prison as long as "district court might, because of our ruling, modify the length of [appellant's] supervised release"). Defendant-appellant's arguments are without merit. We conclude that, in sentencing defendant-appellant, the District Court made no procedural error and that the sentence is not unreasonably long.

The judgment of the District Court is AFFIRMED.